UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**MARCUS E. IVY**                                                                       **PLAINTIFF**

v.                                                    **CIVIL ACTION NO. 4:20-CV-P150-JHM**

**KENTUCKY DEPARTMENT OF CORR. et al.**                        **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Marcus E. Ivy, proceeding *pro se* and *in forma pauperis*, initiated this 42 U.S.C. § 1983 action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, his claims will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff, a convicted inmate, is incarcerated at the Henderson County Detention Center (HCDC). He names as Defendants the Kentucky Department of Corrections (KDOC) and KDOC Commissioner Cookie Crews. He alleges that he cannot earn credits toward his sentence by working or taking part in prison programs because of where he is housed. He further states that he is back in prison on a parole violation; that he is at the end of his sentence, and that he is a non-violent felony offender. Therefore, he argues that being sent "back to a Class D facility makes no sense at all." Instead, he asserts, the KDOC should be "classifying all inmates who are level 1 to level 3 in jails." He also argues that 172 days were added to his sentence for absconding while on parole, which he argues should not be allowed.

Plaintiff asks for "10 days of good time instead of 7 days for inmates" and to "add the 172 days for credit toward my sentence[.]"

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Section 1983 provides a private cause of action against state officials acting "under color of state law" that deprive persons of "a right secured by the Federal Constitution or laws of the United States." 42 U.S.C. § 1983. "A Kentucky inmate 'possesses no inherent constitutional right . . . to accumulate good time credits.'" *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (internal citation omitted). Further, prisoners have no constitutionally protected liberty interest in prison vocational, rehabilitation, or educational programs based on the Fourteenth Amendment. *See, e.g.*, *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (noting that no constitutional rights are implicated by eligibility for rehabilitative programs); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) ("Prisoners have no constitutional right to rehabilitation, education or jobs."); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam) ("It is well established . . . that no prisoner has a constitutional right to a particular job or to any job.").

Thus, the Court concludes that Plaintiff has no liberty interest in any of the programs that he alleges he lost the ability to participate in as a result of where he is housed.

The Court next turns to Plaintiff's allegation that he should not be housed in a Class D facility. The Supreme Court has indicated that no due process rights are implicated based upon a change in a specific security classification. *Moody v. Daggett*, 429 U.S. at 88 n.9; *see also Harris v. Truesdell*, 79 F. App'x 756, 759 (6th Cir. 2003) (holding that prisoner had no constitutional right to be held in a specific security classification). Thus, Plaintiff fails to state a claim of a constitutional right to a particular security level or classification or a due-process claim in regard to such.

Finally, regarding Plaintiff's argument that his sentence is now too long because of the addition of 172 days after his parole was revoked, when a prisoner seeks "immediate release from physical custody" or "shortening the length of their actual confinement in prison, habeas corpus [is] their appropriate remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). Thus, Plaintiff fails to state a § 1983 claim related to the alleged extension of his sentence.

### III. CONCLUSION

For the foregoing reasons, by separate Order, the Court will dismiss this action for failure to state a claim upon which relief may be granted.

Date: May 19, 2021

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
      Defendants
4414.009